UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LORI CHAVEZ-DeREMER**, Secretary of Labor, United States Department of Labor, ) ) ) ) | |
| Plaintiff, ) | HON. PAUL L. MALONEY |
| ) | |
| v. ) | Civil Action No.: 25-cv-421 |
| ) | |
| **KING CRAB NS, LLC a/k/a KING CRAB NORTON SHORES**, a Michigan limited liability company; and **LI YONG DONG,** an individual, ) ) ) ) ) ) ) | JURY DEMAND |
| ) | |
| Defendants. ) ) | |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor, has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq*.) ("FLSA"), against King Crab NS, LLC a/k/a King Crab Norton Shores, a Michigan limited liability company ("King Crab Norton Shores"), and Li Yong Dong ("Dong"), (collectively "Defendants"). Defendants waived formal service of process of the Summons and Complaint, waived their Answer

and any defenses which they may have, and agree to the entry of this Consent Judgment and Order ("Consent Judgment") without contest.

Defendants admit and the Court finds Defendants were engaged in related activities performed through unified operation or common control for a common business purpose and were an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit and the Court finds Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA.

Defendants admit and the Court finds Defendants were employers as defined in 29 U.S.C. § 203(d) of the FLSA.

Defendants admit and the Court finds it has jurisdiction over the Defendants.

Upon motion of attorneys for the Secretary and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating

the provisions of sections 203(m)(2)(B), 6, 7 , 11(c), 15(a)(2), and 15(a)(5) of the FLSA, in any of the following manners:

    1.    Defendants shall not, contrary to 29 U.S.C. §§ 203(m)(2)(B), 206, and 215(a)(2), pay to any of their employees including, but not limited to, any of their employees that worked at King Crab Norton Shores, or at any business location now or in the future owned, operated, and/or controlled by Defendants, who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at rates less than $7.25 an hour, or any rate subsequently made applicable by amendment to the FLSA.

        a.    For purposes of Paragraph 1, prohibited actions include, without limitation:

            i.  Paying employees a weekly salary that does not meet the federal minimum wage, including paying employees less than $7.25 per hour;

    ii. Failing to allow tipped employees (as defined in 29 U.S.C. § 203(t)) to keep their tips when Defendants take the tip credit; and

    iii. Deducting amounts from tipped employees' credit card tips resulting in them earning less than $7.25 per hour.

2. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees including, but not limited to, any of their employees that worked King Crab Norton Shores, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless those employees receive compensation for their employment in excess of forty hours at a rate equivalent to one and one-half times the regular rate at which they are employed.

  a. For purposes of Paragraph 2, prohibited actions include, without limitation, paying employees a weekly salary that

fails to account for each employee's regular rate and overtime pay for all hours worked over 40 in a workweek.

3. Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees that worked at King Crab Norton Shores, or at any business location now or in the future owned, operated, and/or controlled by Defendants, and at any other business location at which any employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

4. Pursuant to 29 U.S.C. § 215(a)(3), Defendants shall not discharge or take any retaliatory action against any of their current, former, or future employees because the current, former, or future employee engages in any of the following activities:

    a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship,

5

that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

  b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants or another employer with whom there is a business relationship;

  c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 16(c) of the Act, in favor of the Secretary and against Defendants in the total amount of $51,343.33, that includes post-judgment interest as set forth in Exhibit B.

5. The Secretary shall recover from Defendants the sum of $25,565 in unpaid overtime compensation covering the period from October 1, 2022, to July 2, 2023, for Defendants' current and former employees whose names are listed in the attached Exhibit A, and the

additional sum of $25,565 in liquidated damages, plus post-judgment interest of $213.33.

    a.    At the time of Defendants' signing of this Consent Judgment, Defendants shall deliver an initial payment in the amount of $25,565.00 by ACH transfer or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region". Defendants shall make the remaining three payments in accordance with the schedule in Exhibit B.

    b.    A 10 calendar-day grace period shall be allowed for receipt of each payment that is required by Exhibit B. If Defendants fail to make any payment within that 10 calendar-day grace period, all remaining installment payments shall become immediately due and payable, without presentment, demand, protest or notice of any kind, all of which Defendants hereby expressly waive.

    c.    If Defendants fail to pay any of the installment payments on or before the dates set forth in Exhibit B, the entire amount of the balance of unpaid compensation remaining shall

become due without further notice by the Secretary to Defendants. Any defaulted balance shall be subject to the assessment of interest and penalty interest at rates determined by the U.S. Treasury as required by the Debt Collection Improvement Act of 1996 (P.L. 104-134) published by the Secretary of the Treasury in the Federal Register and other delinquent charges and administrative costs shall also be assessed. In the event of default, the Secretary may pursue enforcement of this agreement and/or any additional collection action that may include, but is not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice.

  d. If Defendants fail to pay any of the installment payments on or before the dates set forth in Exhibit B, and are not otherwise up-to-date on the total owed under this Consent Judgment, then Defendants consent to the entry of a Writ of Execution—consistent with the terms of this Consent Judgment and pursuant to Federal Rule of Civil Procedure 69—to enforce the monetary terms of this Consent Judgment. Such a writ of

execution shall be limited to the pending balance of the Defendants' monetary obligations under this Consent Judgment at the time such writ is issued. The Secretary may represent in filing for such a writ that Defendants consent to its issuance. In the event a writ of execution is entered by the Court, the Secretary may engage in discovery in aid of execution as permitted by the Federal Rules of Civil Procedure. However, the Secretary may not take any steps to enforce this Consent Judgment absent a default by Defendants under the terms of this Consent Judgment.

6. Upon signing, Defendants shall also furnish to the Secretary the Social Security number and last known address for each employee named in Exhibit A.

7. Upon receipt of payments from Defendants and entry of this Consent Judgment and Order by the Court, representatives of the Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may appear, in accordance with the provisions of section

16(c) of the FLSA. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Secretary.

8. Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any current or former employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this Consent Judgment or the Act.

9. If an individual named on Exhibit A refuses any sums paid under this Consent Judgment by attempting to return them to

Defendants or to anyone on Defendants' behalf, Defendants shall refuse to accept them and shall ensure that all such sums be immediately paid to the Secretary for deposit as above.

10. Any monies not disbursed by the Department of Labor after three years from the date of payment by Employers, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to section 16(c) of the FLSA.

11. The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named on Exhibit A, nor shall the provisions in any way affect any legal right of any individual named on Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period, between October 1, 2022 and July 2, 2023 (the "Investigation Period").

12. By entering into this Consent Judgment, Plaintiff does not waive her right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

It is FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended. The Court shall retain jurisdiction over this matter only for the purposes of enforcing this Consent Judgment and Order.

Dated this the 23rd day of September , 2025 .

    /s/ Paul L. Maloney
United States District Judge

Entry of this judgment
is hereby consented to:

For Plaintiff:

JONATHAN L. SNARE
Acting Solicitor of Labor

CHRISTINE Z. HERI
Regional Solicitor

/s/Lydia J. Faklis         9/22/2025

LYDIA J. FAKLIS
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312-353-6992
faklis.lydia.j@dol.gov

*Attorneys for Plaintiff*
LORI CHAVEZ-DEREMER,
Secretary of Labor, United
States Department of Labor

LOCAL COUNSEL:
Timothy VerHey
United States Attorney

Kalen Pruss
Assistant United States Attorney
Western District of Michigan
330 Ionia Avenue NW, Suite 501
Grand Rapids, Michigan 49503
616-238-2404
kalen.pruss@usdoj.gov

For Defendants:

CARDELLI LANFEAR, P.C.

JASON T. NEWMAN         9/5/25
2800 Livernois, Suite 610
PentaCentre Building D
Troy, MI 48083
248-951-0919 (direct)
jnewman@cardellilaw.com

*Attorneys for Defendants*

President/Owner
King Crab NS, LLC a/k/a
King Crab Norton Shores

Li Yong Dong, individually

13

## EXHIBIT A

| Employee[1] | Back Wages Due | Liquidated Damages Due | Post Judgment Interest | Total Due |
|---|---|---|---|---|
| Bettendorf, H. | $75.41 | $75.41 | $0.63 | $151.45 |
| Bolden, D. | $134.59 | $134.59 | $1.12 | $270.30 |
| Botbyl, D. | $437.23 | $437.23 | $3.65 | $878.11 |
| Burse, D. | $70.52 | $70.52 | $0.59 | $141.63 |
| Callazo-Lopez, A. | $2,201.83 | $2,201.83 | $18.37 | $4,422.03 |
| Callazo-Lopez, P. | $2,444.69 | $2,444.69 | $20.40 | $4,909.78 |
| Charbonneau, J. | $61.52 | $61.52 | $0.52 | $123.56 |
| Chen, D. | $401.27 | $401.27 | $3.35 | $805.89 |
| Chunhapong, P. | $964.57 | $964.57 | $8.05 | $1,937.19 |
| Dalton, M. | $2,030.84 | $2,030.84 | $16.94 | $4,078.6 |
| Davis, D. | $347.93 | $347.93 | $2.91 | $698.77 |
| Duck, C. | $1,002.97 | $1,002.97 | $8.37 | $2,014.31 |
| Edwards, L. | $736.94 | $736.94 | $6.15 | $1,480.03 |
| Foster, C. | $238.11 | $238.11 | $1.98 | $478.20 |
| Hubbard, D. | $841.51 | $841.51 | $7.02 | $1,690.04 |
| Kennedy, S. | $112.10 | $112.10 | $0.94 | $225.14 |
| Lee, H. | $945.63 | $945.63 | $7.89 | $1,899.15 |
| Lewis, C. | $2,405.95 | $2,405.95 | $20.08 | $4,831.98 |
| Longmire, D. | $349.77 | $349.77 | $2.92 | $702.46 |
| Orr, D. | $1,463.00 | $1,463.00 | $12.21 | $2,938.21 |
| Palmer, S. | $115.08 | $115.08 | $0.96 | $231.12 |
| Poholski, A. | $34.22 | $34.22 | $0.29 | $68.73 |
| Ramos, M. | $129.69 | $129.69 | $1.08 | $260.46 |
| Rapin, D. | $1,799.84 | $1,799.84 | $15.02 | $3,614.70 |
| Reed, D. | $1,381.38 | $1,381.38 | $11.54 | $2,774.30 |
| Reed, S. | $165.84 | $165.84 | $1.38 | $333.06 |
| Sheppard, A. | $29.87 | $29.87 | $0.24 | $59.98 |
| Smith, D. | $561.03 | $561.03 | $4.68 | $1,126.74 |

---

[1] Employees' names have been redacted for privacy reasons. Defendants acknowledge receiving a copy of Exhibit A with full names.

| Employee[1]        | Back Wages Due | Liquidated Damages Due | Post Judgment Interest | Total Due   |
|--------------------|----------------|------------------------|------------------------|-------------|
| Sugin, M.          | $1,040.55      | $1,040.55              | $8.69                  | $2,089.79   |
| Whitten, B.        | $398.96        | $398.96                | $3.33                  | $801.25     |
| Whitten, K.        | $191.58        | $191.58                | $1.60                  | $384.76     |
| Wood-Houghton, M.  | $236.06        | $236.06                | $1.97                  | $474.09     |
| Zhou, X.           | $2,214.52      | $2,214.52              | $18.46                 | $4,447.50   |
| Total:             | $25,565.00     | $25,565.00             | $213.33                | $51,343.33  |

## EXHIBIT B

| Installment | Due | Principal | Interest | Payment | Balance |
|---|---|---|---|---|---|
| 1 | Upon signing | $51,130.00 | $0 | $25,565.00 | $25,565.00 |
| 2 | Within 30 days of Consent Judgment Approval by the Court | $8,486.26 | $106.52 | $8,592.78 | $17,078.74 |
| 3 | Within 60 days of Consent Judgment Approval by the Court | $8,521.62 | $71.16 | $8,592.78 | $8,557.12 |
| 4 | Within 90 days of Consent Judgment Approval by the Court | $8,557.12 | $35.65 | $8,592.77 | $0.00 |
|   |   |   |   |   | $0 |

16